**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

———————————————————— :
KEVIN L. WILLIAMS,                  :          **Hon. Renée Marie Bumb**
                                    :
                Petitioner,         :          Civil No. 08-1639 (RMB)
                                    :
        v.                          :
                                    :
STATE OF NEW JERSEY, et al., :                 **O P I N I O N**
                                    :
                Respondents.        :
———————————————————— :

**APPEARANCES:**

        KEVIN L. WILLIAMS, #319701B
        South Woods State Prison
        P.O. Box 6000
        Bridgeton, New Jersey  08302
        Petitioner <u>Pro Se</u>

        J. VINCENT MOLITOR, Assistant Prosecutor
        ROBERT L. TAYLOR, CAPE MAY COUNTY PROSECUTOR
        4 Moore Road
        DN-110, Central Mail Room
        Cape May Court House, New Jersey 08210-1601
        Attorneys for Respondents

**BUMB**, District Judge

        Kevin L. Williams filed a Petition for a Writ of Habeas

Corpus under 28 U.S.C. § 2254 challenging a judgment in the

Superior Court of New Jersey, Cape May County, entered June 8,

2000, and amended June 9, 2002, after a jury found him guilty of

second-degree sexual assault, in violation of N.J. STAT. ANN. §

2C:14-2(c)(1).  Respondents filed an Answer and, although given

time to do so, Petitioner did not file a reply.  For the reasons

expressed below, this Court will dismiss the Petition with

prejudice and deny a certificate of appealability.

## I.   BACKGROUND

On January 26, 1999, a grand jury in Cape May County returned an indictment charging Petitioner with committing an act of sexual penetration on July 2, 1998, upon R.E. by using physical force or coercion, contrary to N.J. STAT. ANN. § 2C:14-2c.  On March 11, 1999, he entered a guilty plea to fourth-degree sexual contact in exchange for a recommended 365-day term of imprisonment, but the Law Division rejected the plea agreement on May 28, 1999.  See State v. Williams, Docket No. A-5287-05T4 slip op., p. 2 (N.J. Super., App. Div., Mar. 22, 2007).  The government thereafter offered Petitioner a plea to second-degree sexual assault, with imprisonment limited to a five-year term, but on June 25, 1999, Petitioner rejected the plea offer after being advised by the judge on the record that, if convicted by a jury, he could be sentenced to an extended 20-year term, with 17 years of parole ineligibility.  Id.  The Law Division subsequently denied Petitioner's motion to dismiss the indictment and the State's motion to present other crimes evidence.  Id. After a trial, a jury found Petitioner guilty as charged.  Id. By judgment of conviction filed June 8, 2000, the Law Division sentenced Petitioner to an extended term of 18 years imprisonment, with an enhanced period of parole ineligibility under the No Early Release Act, N.J. STAT. ANN. § 2C:43-7.2.

Petitioner appealed.  On December 6, 2001, the Appellate Division affirmed the Law Division judge's rejection of the plea

2

agreement, affirmed the conviction, but determined that Petitioner had been improperly given a No Early Release Act sentence and remanded for resentencing. See State v. Williams, Docket No. A-6363-99T4 slip op. (N.J. Super., App. Div., Dec. 6, 2001). By judgment filed June 9, 2002, the Law Division resentenced Petitioner to an 18-year term in prison, with nine years of parole ineligibility. See Williams, Docket No. A-5287-05T4 slip op., pp. 2-3. The Appellate Division affirmed the sentence and on September 8, 2003, the New Jersey Supreme Court denied certification. See State v. Williams, 177 N.J. 574 (2003) (table).

Petitioner filed a petition for post-conviction relief on February 20, 2004. On May 17, 2006, the Law Division denied post-conviction relief without conducting an evidentiary hearing. Petitioner appealed, and on March 22, 2007, the Appellate Division affirmed the order denying post-conviction relief. See State v. Williams, Docket No. A-5287-05T4 slip op. (N.J. Super., App. Div., Mar. 22, 2007). On September 7, 2007, the New Jersey Supreme Court denied certification. See State v. Williams, 192 N.J. 477 (2007) (table).

Petitioner filed his first § 2254 Petition in this Court on February 5, 2008. See Williams v. New Jersey, Civil No. 08-0669 (RMB) (D.N.J. filed Feb. 5, 2008). After receiving this Court's Order issued pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), Petitioner elected to withdraw the Petition; this Court

3

dismissed the Petition without prejudice by Order entered March 27, 2008.

Petitioner executed his all-inclusive § 2254 Petition, which is presently before this Court, on March 31, 2008. The Clerk received it on April 3, 2008. The Petition raises four grounds:

> Ground One: COUNSEL WAS INEFFECTIVE.
>
> Ground Two: COUNSEL FAILED TO PROVIDE APPROPRIATE ADVICE AT THE PLEA STAGE.
>
> Ground Three: COUNSEL FAILED TO ENTER ALL APPROPRIATE OBJECTIONS.
>
> Ground Four: THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE DEFENDANT'S MOTION TO DISMISS THE INDICTMENT BECAUSE THE PROSECUTOR PRESENTED AN UNFAIR AND DISTORTED VERSION OF THE FACTS AND OF THE LAW BEFORE THE GRAND JURY.

(Pet., Legal Argument, Points I, II, III and [I]V.)

Respondents filed an Answer, arguing that the Petition should be denied on the merits, and a copy of the state court record. Although given a time limit to do so, Petitioner did not file a reply to the Answer.

## II.  STANDARD OF REVIEW

A habeas corpus petition must meet "heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994) (citing 28 U.S.C. § 2254 Rule 2(c)). The petition must specify all the grounds for relief available to the petitioner, state the facts supporting each ground, and state the relief requested. See 28 U.S.C. § 2254 Rule 2(c)(1), (c)(2), (c)(3).

4

Section 2254(a) of Title 28 of the United States Code gives the court jurisdiction to entertain a habeas petition challenging a state conviction or sentence only where the inmate's custody violates federal law:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); 28 U.S.C. § 2254(a); accord Barry v. Bergen County Probation Dept., 128 F.3d 152, 159 (3d Cir. 1997). "Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." Smith v. Phillips, 455 U.S. 209, 221 (1982). "If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable." Engle v. Isaac, 456 U.S. 107, 120 n.19 (1982). Moreover, "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." Bradshaw v. Richey, 546 U.S. 74, 76 (2005).

In reviewing a § 2254 petition, a federal court is not permitted to address a federal constitutional claim pertinent to

5

the facts of the case unless the petitioner asserts the claim as a ground for relief.[1]  Nor may the court recharacterize a ground asserted under state law into a federal constitutional claim.[2] "[E]rrors of state law cannot be repackaged as federal errors simply by citing the Due Process Clause."  Johnson v. Rosemeyer, 117 F.3d 104, 110 (3d Cir. 1997).  Moreover, "it is well established that a state court's misapplication of its own law does not generally raise a constitutional claim."  Smith v. Horn, 120 F.3d 400, 414 (3d Cir. 1997) (citations and internal quotation marks omitted); see also Smith v. Zimmerman, 768 F.2d 69, 71, 73 (3d Cir. 1985).

---

[1] See, e.g., Withrow v. Williams, 507 U.S. 680, 695-96 (1993) (where habeas petition raised claim that the police had elicited petitioner's statements without satisfying Miranda, the district court erred when it "went beyond the habeas petition and found the statements [petitioner] made after receiving the Miranda warnings to be involuntary under due process criteria"); Baker v. Barbo, 177 F.3d 149, 156 n.7 (3d Cir. 1999) (where petition contains ground asserting the ineffective assistance of counsel during plea negotiations and trial, court is not permitted to  consider ground, evident from the facts but not raised in the petition, that appellate counsel was ineffective by failing to advise petitioner that he faced a longer sentence by appealing the conviction).

[2] See Engle, 456 U.S. at 119-20 & n.19 (insofar as petitioners simply challenged the correctness of the self-defense instructions under state law, their petitions alleged no deprivation of federal rights and § 2254 was inapplicable); Kontakis v. Beyer, 19 F.3d 110, 116-17 & n.10 (3d Cir. 1994) (where petitioner asserted in § 2254 petition that the exclusion of testimony violated his rights under state law, federal court may not consider ground, not set forth in the petition, that exclusion of the testimony violated his federal due process rights).

The AEDPA limits a federal court's authority to grant habeas relief when a state court has adjudicated petitioner's federal claim on the merits.  See 28 U.S.C. § 2254(d).  Where a federal claim was "adjudicated on the merits" in state court proceedings, the writ must be denied unless adjudication of the claim either involved an unreasonable application of clearly established federal law, or was based on unreasonable determination of the facts in light of the evidence before the state court.  See 28 U.S.C. § 2254(d).  Specifically, § 2254(d) provides:

> (d) An application for a writ of habeas corpus . . . shall not be granted with respect to any claim that was adjudicated on the merits in State Court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The unreasonableness standards of § 2254(d) govern only claims that were "adjudicated on the merits in State Court proceedings."  28 U.S.C. § 2254(d).  "An 'adjudication on the merits' has a well settled meaning: a decision finally resolving the parties' claims, with res judicata effect, that is based on the substance of the claim advanced, rather than on a procedural,

or other, ground." Rompilla v. Horn, 355 F.3d 233, 247 (3d Cir. 2004) (citations and internal quotation marks omitted), reversed on other grounds sub nom. Rompilla v. Beard, 545 U.S. 374 (2005); see also Rolan v. Vaughn, 445 F. 3d 671, 678 (3d Cir. 2006).  A state court may render an adjudication on the merits of a federal claim by rejecting the claim without any discussion whatsoever. See Rompilla, 355 F.3d at 247.  On the other hand, "[i]f the petitioner's legal claims were presented but not addressed by the state courts, 28 U.S.C. § 2254(d) does not apply, and federal courts undertake a de novo review of the claim." Rolan, 445 F. 3d at 678.

As the New Jersey courts adjudicated petitioner's claims on the merits, this Court may not grant relief unless either § 2254(d)(1) or § 2254(d)(2) is satisfied.  See 28 U.S.C. § 2254(d).  Accordingly, this Court may not grant habeas relief to petitioner unless the adjudication of a federal claim by the New Jersey courts involved an unreasonable application of clearly established Supreme Court law, see 28 U.S.C. § 2254(d)(1), or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding and petitioner is in custody in violation of the Constitution or laws or treaties of the United States, see 28 U.S.C. § 2254(a), (d)(2).

A court begins the analysis under § 2254(d)(1) by determining the relevant law clearly established by the Supreme

Court.  See Yarborough v. Alvarado, 541 U.S. 652, 660 (2004).
Clearly established law "refers to the holdings, as opposed to
the dicta, of [the Supreme Court's] decisions as of the time of
the relevant state-court decision." Williams, 529 U.S. at 412;
see also Carey v. Musladin, 127 S. Ct. 649, 653 (2006) ("federal
habeas relief may be granted here if the California Court of
Appeal's decision was contrary to or involved an unreasonable
application of this Court's applicable holdings").  A court must
look for "the governing legal principle or principles set forth
by the Supreme Court at the time the state court renders its
decision." Lockyer v. Andrade, 538 U.S. 63, 71, 72 (2003).

    A decision is "contrary to" a Supreme Court holding within
28 U.S.C. § 2254(d)(1), if the state court "contradicts the
governing law set forth in [the Supreme Court's] cases" or if it
"confronts a set of facts that are materially indistinguishable
from a decision of th[e Supreme] Court and nevertheless arrives
at a [different] result." Williams v. Taylor, 529 U.S. 362, 405-
06 (2000).  Under the "'unreasonable application' clause of §
2254(d)(1), a federal habeas court may grant the writ if the
state court identifies the correct governing legal principle from
th[e Supreme] Court's decisions but unreasonably applies that
principle to the facts of the prisoner's case." Williams, 529
U.S. at 413.  For example, in Carey v. Musladin, the court
reversed the granting of a writ, holding that where "[n]o holding
of this Court required the California Court of Appeal to apply

9

the test of <u>Williams</u> and <u>Flynn</u> to the spectators' conduct . . . ,
the state court's decision was not contrary to or an unreasonable
application of clearly established federal law." <u>Carey</u>, 127 S.
Ct. at 654.[3]  In addition, whether a state court's application of
federal law is "unreasonable" must be judged objectively; an
application may be incorrect, but still not unreasonable.[4]  <u>Id</u>.
at 409-10; <u>see also</u> <u>Thomas v. Varner</u>, 428 F. 3d 491, 497 (3d Cir.
2005).  Thus, "[t]he federal *habeas* court should not grant the
petition unless the state court decision, evaluated objectively
and on the merits, resulted in an outcome that cannot reasonably
be justified under existing Supreme Court precedent." <u>Outten v.
Kearney</u>, 464 F. 3d 401, 414 (3d Cir. 2006) (citation and internal
quotation marks omitted).

### III.  DISCUSSION

A.  <u>Ineffective Assistance of Counsel</u>

Grounds One, Two and Three raise ineffective assistance of
counsel claims.  In Grounds One and Two, Petitioner asserts that

---

[3] <u>See also</u> <u>Wright v. Van Patten</u>, 128 S. Ct. 743, 747 (2008)
("Because our cases give no clear answer to the question
presented, let alone one in [petitioner's] favor, it cannot be
said that the state court unreasonabl[y] appli[ed] clearly
established Federal law") (citation and internal quotation marks
omitted).

[4] "[D]ecisions of federal courts below the level of the
United States Supreme Court may be helpful to [a court] in
ascertaining the reasonableness of state courts' application of
clearly established United States Supreme Court precedent, as
well as helpful amplifications of that precedent." <u>Marshall v.
Hendricks</u>, 307 F.3d 36, 71 n.24 (3d Cir. 2002) (citations and
internal quotation marks omitted).

trial counsel was constitutionally ineffective in the plea
bargaining process in failing to advise Petitioner of his
sentencing exposure, prior to Petitioner's rejection of the
State's offer of five years in prison, with an 85% period of
parole ineligibility.  In Ground Three, Petitioner asserts that
counsel was constitutionally ineffective for a number of reasons
during the trial.

The Sixth Amendment, applicable to states through the Due
Process Clause of the Fourteenth Amendment, guarantees the
accused the "right . . . to have the Assistance of Counsel for
his defense."  U.S. Const. amend. VI.  The right to counsel is
the right to the effective assistance of counsel, and counsel can
deprive a defendant of the right by failing to render adequate
legal assistance.  See Strickland v. Washington, 466 U.S. 668,
686 (1984).

A claim that counsel's assistance was so defective as to
require reversal of a conviction has two components, both of
which must be satisfied.  See Strickland, 466 U.S. at 687.
First, the defendant must "show that counsel's representation
fell below an objective standard of reasonableness."  Id. at 687-
88.  To meet this prong, a "convicted defendant making a claim of
ineffective assistance must identify the acts or omissions of
counsel that are alleged not to have been the result of
reasonable professional judgment."  Id. at 690.  The court must
then determine whether, in light of all the circumstances at the

11

time, the identified errors were so serious that they were outside the wide range of professionally competent assistance. Id.

To satisfy the prejudice prong, the defendant must show that "there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Id. at 695. As the Supreme Court explained,

> In making this determination, a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury. Some of the factual findings will have been unaffected by the errors, and factual findings that were affected will have been affected in different ways. Some errors will have had a pervasive effect on the inferences to be drawn from the evidence, altering the entire evidentiary picture, and some will have had an isolated, trivial effect. Moreover, a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support. Taking the unaffected findings as a given, and taking due account of the effect of the errors on the remaining findings, a court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors.

Strickland, 466 U.S. at 695-696.

The Supreme Court instructs that a court need not address both components of an ineffective assistance claim "if the defendant makes an insufficient showing on one." Strickland, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness

claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Id.

(1) Was counsel constitutionally ineffective in failing to inform Petitioner of his sentencing exposure before Petitioner rejected the State's offer of five years?

Under Supreme Court precedent, a defendant has the ultimate authority to make the fundamental decision as to whether to plead guilty or go to trial. See Jones v. Barnes, 463 U.S. 745, 751 (1983); see also United States v. Day, 969 F.2d 39, 42, 43 (3d Cir. 1992) ("a defendant has the right to make a reasonably informed decision whether to accept a plea offer," and "[k]nowledge of the comparative sentence exposure between standing trial and accepting a plea offer will often be crucial to the decision whether to plead guilty"). Trial counsel's failure to inform petitioner of his sentencing exposure falls below an objective standard of reasonableness. See Id. at 42-44; accord Baker v. Barbo, 177 F.3d 149 (3d Cir. 1999) ("we must hold that an attorney who does not know the basic sentence for an offense at the time that his client is contemplating entering a plea is ineffective").

However, to establish an ineffective assistance of counsel claim, Petitioner must also show prejudice. In Hill v. Lockhart, 474 U.S. 52 (1985), the Supreme Court applied the two-part Strickland test to ineffective assistance claims arising out of the plea process, but modified the "prejudice" requirement to

13

focus on whether counsel's deficient performance affected the outcome of the plea process:

> Petitioner did not allege in his habeas petition that, had counsel correctly informed him about his parole eligibility date, he would have pleaded not guilty and insisted on going to trial. He alleged no special circumstances that might support the conclusion that he placed particular emphasis on his parole eligibility in deciding whether or not to plead guilty. Indeed, petitioner's mistaken belief that he would become eligible for parole after serving one-third of his sentence would seem to have affected not only his calculation of the time he likely would serve if sentenced pursuant to the proposed plea agreement, but also his calculation of the time he likely would serve if he went to trial and were convicted.

Hill, 474 U.S. at 60.

In order to satisfy the 'prejudice' requirement under Hill, Petitioner in this case must show that there is a reasonable probability that, but for counsel's failure to advise him of his 20-year sentencing exposure, he would have pleaded guilty in exchange for a five-year sentence.[5]

---

[5] See e.g., Riggs v. Fairman, 399 F.3d 1179 (9th Cir. 2005) (§ 2254 relief warranted because defense counsel's failure to learn that defendant was exposed to a potential 25-year-to-life sentence as a career offender fell below an objective standard of reasonableness and petitioner's testimony that he would have accepted a plea but for counsel's deficient performance, coupled with the significant discrepancy between the plea and petitioner's exposure, satisfies the prejudice prong); Magana v. Hofbauer, 263 F.3d 542 (6th Cir. 2001) (relief warranted under § 2254 where defense attorney's misadvice regarding potential sentencing exposure fell below objective standard of reasonableness and, but for counsel's erroneous advice, there is a reasonable probability that he would have accepted a plea);

(continued...)

14

Petitioner presented this claim to the New Jersey courts in his petition for post-conviction relief.  The Appellate Division rejected the claim based on a finding that Petitioner knew his sentencing exposure because the Law Division judge so advised him before he rejected the five-year plea offer.  Specifically, the Appellate Division found as follows:

> The State . . . offered defendant a plea to the second degree offense for which he had been indicted, with imprisonment limited to five years.  On June 25, 1999, defendant rejected the proposal after being advised on the record that if convicted by a jury he could receive an extended term sentence of twenty years with seventeen years to be served without parole.
>
>      *               *             *
>
> [D]efendant argues that his counsel failed to advise him that he was eligible for an extended term if he went to trial.  Whether that is so or not, the trial judge so advised him on the record and he replied that he understood.  Thus, this point has no merit.

Williams, Docket No. A-5287-05T4 slip op., pp. 2, 7.

Under the AEDPA, "a determination of a factual issue made by a State court shall be presumed to be correct [and] [t]he

---

[5](...continued)

Mask v. McGinnis, 233 F.3d 132, 142 (2d Cir. 2000) (prejudice requirement is satisfied where defendant testifies to his willingness to accept a reasonable plea bargain and a great disparity existed between the sentence exposure at trial and in the plea bargain); United States v. Gordon, 156 F.3d 376, 380 (2d Cir. 1998) (whether the government had made a formal plea offer is irrelevant to ineffective assistance claim because the petitioner was prejudiced because he did not have accurate information upon which to make his decision to pursue further plea negotiations or go to trial); Day, 969 F.2d 39.

applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 29 U.S.C. § 2254(e)(1); see Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (a district court must "presume the [state] court's factual findings to be sound unless [petitioner] rebuts the 'presumption of correctness by clear and convincing evidence.'"). Moreover, the AEDPA provides that a habeas petition "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim . . . resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). A state court factual determination is not unreasonable in light of the evidence presented in the state court under § 2254(d)(2) where "[r]easonable minds reviewing the record might disagree" on the factual finding. Rice v. Collins, 546 U.S. 333, ____, 126 S. Ct. 969, 976 (2006).[6]

Under § 2254(e)(1), this Court must defer to the New Jersey courts' factual determination that Petitioner knew before he rejected the five-year plea offer of his sentencing exposure because the judge informed him. See 28 U.S.C. § 2254(e)(1); Rolan v. Vaughn, 445 F. 3d 671, 678-681 (3d Cir. 2006) (district

_____

[6] Cf. Rolan v. Vaughn, 445 F. 3d at 681 (state court's finding that an exculpatory witness was not willing to testify on behalf of Rolan was objectively unreasonable under § 2254(d)(2) "because it was not supported by the record").

16

court erred by failing to defer under § 2254(e)(1) to PCRA appellate court's factual determination that exculpatory witness, whom trial attorney failed to investigate, was not willing to testify at trial because, unlike prior law, AEDPA does not require the state court to hold an evidentiary hearing or comply with any prerequisites to deference).  Thus, under § 2254(e)(1), this Court is bound by this factual determination because Petitioner has not rebutted the presumption of correctness by clear and convincing evidence.  See 28 U.S.C. § 2254(e)(1); Rolan, 445 F. 3d at 678-81.  And because the record supports the Appellate Division's factual finding, it was not objectively unreasonable under § 2254(d)(2).  Accordingly, the New Jersey courts' rejection of Petitioner's ineffective assistance of counsel during plea negotiations claim was not based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding, see 28 U.S.C. § 2254(d)(2), and Petitioner is not entitled to habeas relief on this claim.

(2) Was counsel's performance constitutionally deficient during trial in the ways listed by Petitioner?

Petitioner asserts that trial counsel was constitutionally deficient in failing to ask the court during jury selection to advise certain potential jurors (Sheehan and Murray) not to discuss the case, failing to object to Petitioner's exclusion from sidebar conferences during jury selection, failing to object

17

to the state's attempt to curry sympathy with the jury, failing
to object when the prosecutor raised issues regarding the number
of women who mothered Petitioner's children and his ability to
pay child support, failing to object to the flight instruction,
failing to move to exclude testimony concerning admissions by
Petitioner, and failing to argue that the Rape Shield Law was
inapplicable.

Petitioner presented these claims to the New Jersey courts
on post-conviction relief.  The Appellate Division rejected them
"substantially for the reasons expressed by Judge Alvarez in her
oral decision of May 17, 2006."  State v. Williams, Docket No. A-
5287-05T4 slip op., p. 7.  Judge Alvarez rejected Petitioner's
ineffective assistance of counsel claims on the ground that
Petitioner was not prejudiced by the alleged deficiencies:

> All right.  This is another instance of a PCR
> claim that in my opinion does not warrant any
> type of evidentiary hearing.  Some of the
> issues that the defendant raises in his pro
> se brief simply do not make sense.  Some of
> the claims, such as failure to, on the part
> of his counsel to obtain a copy of the 9-1-1
> call, I'm not sure in any manner how that
> would have made a difference to the outcome
> of the case.  It definitely was a he said/she
> said situation.  But the point of what I'm
> saying is that the defendant's legal
> arguments have absolutely no merit and do not
> merit any further discussion than that.
> Defense counsel in her brief raises some
> issues that were previously considered for
> all intents and purposes during the appeal
> process.  And they are barred from
> reconsideration now.  Some of the claims
> include things like the allegation that, and
> that's what Mr. Molitor is referring to, in

the initial jury pool of folks who were
brought in during jury selection there was
both an Atlantic County Prosecutor as well as
the stepmother of a police officer involved
in the case.  Both of those folks were
quickly excused at the very beginning
coincidentally, and their inclusion in the
initial jury pool had absolutely no impact on
the outcome of the trial.  The defendant was
made well aware of the consequences of his
rejection of the guilty plea in court on the
record, understood he was extended term
eligible, knew what the likely outcome was in
terms of sentencing, but chose to take the
gamble of a trial.  I'm always hesitant to go
over each and every point raised but I will
cover some specifically.  I guess the
umbrella argument that there were so many
cumulative errors that counsel's assistance
was ineffective and that there should be an
evidentiary hearing, ultimately I guess the
defendant would like to see himself either
newly sentenced or involved in a new trial,
that umbrella argument makes no sense here.
There is no specific complaint about
counsel's conduct during the course of the
trial that would have had an impact in any
manner on the outcome.  And when a person
makes a PCR request there has to be some
basis for believing, for a court concluding
that the manner in which counsel conducted
themselves was not as required by the Sixth
Amendment, that the outcome would have been
different but for the conduct of counsel.
Again, this is a situation where the legal
standard has not been met.  There is no
factual allegation that warrants specific
mention.  The defendant has been through the
appellate process twice.  This PCR is denied.
It seems to be entirely without merit I must
say.

State v. Williams, Indictment No. 99-01-0060 transcript, pp. 5-7

(N.J. Super., Law Div., May 17, 2006).

The New Jersey courts' rejection of Petitioner's ineffective

assistance of counsel claims based on trial performance on the

ground that Petitioner did not establish prejudice was not contrary to, or an unreasonable application of <u>Strickland</u> and its progeny. <u>See</u> <u>Knowles v. Mirzayance</u>, ___ S. Ct. ___, 2009 WL 746274 (Mar. 24, 2009) (evaluating § 2254 ineffective assistance claim under general <u>Strickland</u> standard where no Supreme Court precedent addressed the precise situation). Petitioner is therefore not entitled to habeas relief on Ground Three.

<u>B. Challenge to Indictment</u>

In Ground Four, Petitioner contends that the trial court abused its discretion by denying his motion to dismiss the indictment where the prosecutor presented an unfair and distorted version of the facts and the law to the grand jury.

The Fifth Amendment right to an indictment by a Grand Jury does not apply to State criminal prosecutions. <u>See</u> <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 477 n.3 (2000); <u>Albright v. Oliver</u>, 510 U.S. 266, 272 (1994); <u>Hurtado v. California</u>, 110 U.S. 516 (1884). Because the Due Process Clause of the Fourteenth Amendment has not been construed to incorporate the Fifth Amendment right to indictment by a Grand Jury, <u>id.</u>, the legality of an indictment is a matter of state law, <u>see</u> <u>U. S. Wojtycha v. Hopkins</u>, 517 F.2d 420, 425 (3rd Cir. 1975).[7] Accordingly, "there is no federal

---

[7] Moreover, under New Jersey law, prosecutors are not generally required to provide the grand jury with evidence on behalf of the suspect, <u>see</u> <u>State v. Hogan</u>, 144 N.J. 216, 235 (1996), and an indictment should be disturbed only on the clearest and plainest ground. <u>See</u> <u>State v. Womack</u>, 145 N.J. 576,
(continued...)

constitutional impediment to dispensing entirely with the grand jury in state prosecutions." Beck v. Washington, 369 U.S. 541, 545 (1962); see also Gerstein v. Pugh, 420 U.S. 103, 118-119 (1975) ("the accused is not 'entitled to [federal] judicial oversight or review of the decision to prosecute"). Without offending the Constitution, State prosecutions may be "instituted on informations filed by the prosecutor, on many occasions without even a prior judicial determination of 'probable cause' - a procedure which has likewise had approval [of the Supreme Court] in such cases as Ocampo v. United States, 234 U.S. 91, 34 S. Ct. 712, 58 L.Ed. 1231 (1914), and Lem Woon v. Oregon, 229 U.S. 586, 33 S. Ct. 783, 57 L.Ed. 1340 (1913)." Beck v. Washington, 369 U.S. at 545; accord Rose v. Mitchell, 443 U.S. 545, 576 (1979) ("There is no constitutional requirement that a state criminal prosecution even be initiated by a grand jury"). Because Ground Four does not assert a cognizable federal claim, Petitioner is not entitled to habeas relief on Ground Four.

---

[7](...continued)
588 (1996).  Such a duty is triggered "only in the rare case in which the prosecutor is informed of evidence that both directly negates the guilt of the accused *and* is clearly exculpatory." Hogan, 144 N.J. at 237.

C.  Certificate of Appealability

The Court denies a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).  See Miller-El v. Cockrell, 537 U.S. 322 (2003).

### IV.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition and denies a certificate of appealability.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**

Dated: March 31, 2009